UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LEE P. RADER, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:18-CV-275 RLM-MGG |
| | ) |
| BIOMET, INC., et al., | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Defendants Biomet, Inc., et al, (collectively, "Biomet") have filed a motion to dismiss Lee Rader III's complaint for failure to comply with Fed. R. Civ. P. 4(m). Mr. Rader responds by arguing excusable neglect and requests an extension of time for which to properly serve a copy of complaint and summons on Biomet. For the reasons stated below, I deny Biomet's motion to dismiss and grant Mr. Rader's request for an extension of time to serve Biomet.

Mr. Rader filed his original complaint on April 17, 2018 but didn't serve it on Biomet. Despite not being served with the complaint or summons, two attorneys appeared for Biomet in the case on April 26, and on August 22, Biomet filed this motion to dismiss for failure to serve. I am left with the unusual situation of a motion to dismiss for failure to serve defendants that appear to have been aware a complaint had been filed, entered an appearance shortly thereafter, and took no position regarding Mr. Rader's assertion that the oversight was the result of excusable neglect.

Valid service of process is necessary for a court to have personal jurisdiction over a party. Rabiolo v. Weinstein, 357 F.2d 167 (7th Cir. 1966). A general appearance doesn't waive personal jurisdiction defenses, which includes insufficient service under Fed. R. Civ. P 12(b)(5). Capital Airline Engine Leasing, LLC v. European Aviation Air Charter, Ltd., 2011 U.S. Dist. LEXIS 57700, *6 (C.D. Ill. May 31, 2011); Montgomery, Zuckerman, Davis, Inc., v. Diepenbrock, 698 F. Supp. 1453, 1459 (I.N. SD. November 21, 1988) ("entering an appearance…does not constitute a waiver of the defense); Product Components, Inc. v Regency Door and Hardware, Inc., 568 F. Supp. 651, 655 (S.D. Ind. August 4, 1983) ("With the abolition of special appearances a party does not waive the defenses available to him by entering a general appearance in an action. He may now appear and then raise his defenses either by way of responsive pleading or motion."); *but cf* Mallard v. Mallard, 1992 U.S. Dist. LEXIS 2346, at *10 (N.D. Ill. March 3, 1992) ("If a defendant files a general appearance without objecting to personal jurisdiction, he is deemed to have consented to the court's jurisdiction."). An appearance doesn't cure service deficiencies under Fed. R. Civ. P. 4. Bennet v. Circus U.S.A., 108 F.R.D. 142, 148 (N.D. Ind. 1985) ("knowledge of the pendency of this lawsuit cannot cure the deficiencies in service."); Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991) ((quoting Way v. Mueller Brass Company, 840 F.2d 303, 306 (5th Cir. 1988) ("it is well recognized that a 'defendant's actual notice of the litigation … is insufficient to satisfy Rule 4's requirements.'")).

Biomet's appearance doesn't cure the deficiencies in Mr. Rader's service of process, namely that the complaint and summons were never served. Biomet's appearance, although insufficient to fulfil Fed. R. Civ. P. 4's service requirements, does show, on some level, that defendants received notice of the litigation. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d at 301. Fed. R. Civ. P 4 provides instruction on what the court can do when plaintiff hasn't served the defendant, stating that "if a defendant is not served within 90 days after the complaint is filed, the court [...] must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed R. Civ. P. 4(m). I have the option to either dismiss, without prejudice, Mr. Rader's complaint for noncompliance with Fed. R. Civ. P. 4 or order service be made within a specified time.

Mr. Rader says service was intended but was not effectuated because a paralegal responsible for the service had left the law firm without handling the matter before the service deadline. Mr. Rader and his attorneys are still responsible for service regardless of a paralegal's inaction. ABA Model Rule 5.36; ABA Model Guidelines for the Utilization of Paralegal Services, Guideline 41 (2018) ("[a] lawyer is responsible for all of the professional actions of a paralegal performing services at the lawyer's direction…"). Still, this explanation is enough for a court to extend the time for service. United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006) ("if good cause for delay is shown, the court must extend the time for service, while if good cause is not shown, the court has a choice

between dismissing the suit and giving the plaintiff more time."); Troxell v. Fedders of N. Am. Inc., 160 F.3d 381, 383 (7th Cir. 1998) (outlining non-exhaustive factors that allow for an extension of time for service). In fact, no explanation is needed at all. United States v. McLaughlin, 470 F.3d at 701 ("[t]his case is a good example of the wisdom of Rule 4(m) in allowing a judge to excuse a delay in service even if the plaintiff has no excuse at all.").

A dismissal is a particularly harsh sanction, especially when a court has yet to consider less draconian actions to cure a given deficiency. Godlove v. Bamberger, 903 F.2d 1145, 1148 (7th Cir. 1990); Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272, 275 (7th Cir 1986); See also Webber v. Eye Corp., 721 F.2d 1067, 1069 (7th Cir. 1983) ("[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable."). Dismissing Mr. Rader's complaint without prejudice would be particularly uneconomical considering she would be free to file the same complaint again.

Accordingly, the court DENIES the defendants' motion to dismiss [Doc. No. 19] for failure to comply with Fed. R. Civ. P. 4(m), and GRANTS plaintiff's request for an extension of time in which to serve the defendants [Doc. No. 20]. Mr. Rader has until **January 21, 2019** in which to properly serve defendants.

SO ORDERED.

ENTERED: January 7, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court